IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

United States of America *ex rel.* Tullio EMANUELE,

    Plaintiff,

v.

MEDICOR ASSOCIATES, INC., *et al.*

    Defendants.

Civil Action No. 10-245 (Erie)

## MEMORANDUM OPINION

### I. Introduction

Before the court is a motion filed by relator Tullio Emanuele ("relator") to compel answers to interrogatories and production of documents from defendants Hamot Medical Center ("Hamot"), the individual physician defendants, and Medicor Associates, Inc. (collectively with the individual physician defendants "Medicor"). (ECF No. 131.) Pursuant to the parties' joint discovery plan (ECF No. 119) and an order of the court (ECF No. 123), discovery disputes in this case are referred to a discovery special master. The parties initially brought the motion to compel before the special master. The special master was unable to broker a negotiated resolution between the parties. The parties formally filed briefs, and the special master issued a report and recommendation dated April 29, 2014. (ECF No. 144.) Hamot and Medicor each filed objections to the special master's report and recommendation (ECF Nos. 145, 146), and the relator filed responses to the objections (ECF Nos. 147, 148). After reviewing the motion to compel, the report and recommendation, and the briefing of the parties, the court will adopt the report and recommendation as the opinion of the court, as supplemented by this order, and grant the motion to compel in part.

1

## II. Standard of Review

The court reviews the special master's findings of fact and conclusions of law de novo. Fed. R. Civ. P. 53(f). The court may adopt, modify, or reject wholly or in part the report and recommendation. *Id.*

## III. Discussion

Before relator filed the motion to compel presently before the court, Hamot filed a motion for a protective order (ECF No. 110), which Medicor joined (ECF No. 113). Hamot and Medicor objected to the temporal scope of the discovery requested by relator. Relator sought discovery concerning the period from 2001 "to the present." (ECF No. 131.) Hamot and Medicor argued, on grounds of relevance, that discovery should be limited to the period relator worked at Medicor, which ended on May 31, 2005. (ECF No. 111, at 1.) The court held a hearing on December 17, 2013, and denied defendants' motions for protective orders. (Hr'g Tr. 42:10–14, Dec. 17, 2013, ECF No. 127; Text minute entry dated Dec. 17, 2013.) The denial was without prejudice to defendants raising a proportionality objection or other reason to limit discovery. (*Id.*)

Hamot and Medicor did not respond to relator's discovery requests, and relator filed its motion to compel. Hamot and Medicor objected to the motion to compel and the report and recommendation by reasserting that the temporal scope of discovery should be limited to the period of relator's employment with Medicor and by arguing that the requested discovery is unduly burdensome and not proportional. With respect to temporal scope of discovery, defendants improperly attempt to seek reconsideration of the motion for a protective order. Defendants make the same arguments and cite many of the same decisions[1] that they presented to the court at

---

1     These decisions include *United States ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 719 F.3d 31 (1st Cir. 2013); *United States ex rel. King v. Solvay S.A.*, Civil No. 06-2662, 2013 WL 820498 (S.D. Tex. Mar. 5, 2013); and *United States ex rel. Stewart v. La. Clinic*, Civil No. 99-1767, 2003 WL 21283944 (E.D. La. June 4, 2003). *Compare* Hr'g Tr. 18:5–17, *and* ECF No. 111, at 5 n.1, *with* ECF No. 145, at 5–6.

the December 2013 hearing. It is disingenuous to claim that the court's ruling on the temporal scope of discovery was merely "preliminary." Although the court at the beginning of the hearing gave the court's preliminary assessment to help guide the parties' arguments at the hearing, the decision to deny the motions for protective orders at the conclusion of the hearing was a final decision. (*See* Hr'g Tr. 42:11–14.) Reconsideration is appropriate to address changes in the controlling law, new evidence not previously available, or clear errors of law or fact. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Defendants did not present any evidence or argument that would warrant reconsideration of the court's ruling. The court adopts the special master's findings about the temporal scope of discovery.

The court finds that the phased discovery process proposed by the special master adequately addresses the burden and proportionality issues raised by defendants. Defendants did not articulate a concrete assessment of costs that would make the phased discovery process disproportionate. The bulk of the arguable costs identified by defendants are for discovery that relator has not requested. A ruling by the court on the proportionality of those costs at this time would be an advisory opinion and thus inappropriate. *In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 421 (3d Cir. 2013).

Defendants' objections to the special master's report and recommendation are therefore overruled. The court will adopt the report and recommendation as the opinion of the court as supplemented by this memorandum opinion. An appropriate order will be entered.

Dated: July 29, 2014         /s/ Joy Flowers Conti
                             Joy Flowers Conti
                             Chief United States District Judge